**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KIM LARKINS,
        Petitioner,

v.                                            Criminal Case No: 92-81001-D3
                                                               Hon. Anna Diggs Taylor
UNITED STATES OF AMERICA,
        Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

Petitioner has filed a Motion for Expungement of her 1993 conviction on the charge of conspiracy to possess with intent to distribute phencyclidine (PCP). In her motion, Petitioner states "I am begging and pleading for another chance in life with my record tooken (sic) off of the offender website." For the reasons set forth below, Petitioner's motion must be DENIED.

**I.**

On September 24, 1993, Petitioner pled guilty to one count of Conspiracy to Possess with Intent to Distribute Phencyclidine ("PCP") in violation of 21 U.S.C. 846 and 841. Petitioner was subsequently sentenced to the custody of the United States Bureau of Prisons for a term of sixty (60) months with four years of supervised release to follow. Additionally, the court imposed a special condition that Petitioner participate in a program approved by the Probation Department for substance abuse, which included testing for drug and/or alcohol abuse. On July 21 1998, this court revoked Petitioner's supervised release for the following reasons: (1) she was using controlled substances; (2) she failed to maintain a lawful occupation; and (3) she failed to participate in a court ordered substance abuse program. Petitioner was sentenced to be imprisoned for a term of thirteen

(13) months with a recommendation that she participate in a comprehensive drug treatment program. On May 8, 2008, Petitioner filed the instant motion.

**II.**

Petitioner has filed the instant motion for expungement based on the following: (1) she attends AA, and NA meetings; (2) she goes to bible school, Sunday school, and church; (3) she is leaning on a higher power "God" for all understanding; (4) she has not been in any legal trouble since July 1998; and (5) she will be starting school in August 2008. See Petitioner's Motion. Indeed, Respondent acknowledges that since Petitioner's last contact with this court in 1998, she appears to have avoided any illegal activity. Further, Respondent does not disagree with Petitioner's "statements that she has turned her life in a positive direction."

The Sixth Circuit has held that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record [of conviction] in an appropriate case." *U.S. v. Doe*, 556 F,2d 391, 393 (6th Cir. 1977). The Sixth Circuit, however, has not yet posited a standard for determining which cases are "appropriate." *U.S. v. Robinson*, No. 94-1945, 1996 WL 107129, 79 F.3d 1149 (6th Cir. 1996)(unpublished opinion). Cases prior to *Robinson* have established that petitioners must demonstrate compelling and extraordinary circumstances to warrant expungement. *Id.* at 2.

Here, Petitioner has failed to cite any "compelling" or "extraordinary circumstances" which warrant expungement. See *United States v. Ursery* 2007 WL 1975038 at 2, (E.D.Mich., July 2, 2007) (holding that the petitioner's request for expungement of his criminal record so that he could possess a firearm for hunting, did not rise to the type of an "extreme circumstance" required to obtain an expungement; *United States v. Twobears,* 2007 WL 1232043 at 3 (W.D.Tenn. April 26, 2007) (holding that expungement is appropriate only when a petitioner is "factually innocent and

can demonstrate that the continued public availability of the record will cause great harm that outweighs the public and governmental interest in maintaining the record."). Indeed, Petitioner primarily relies on the premise that she has changed and is a better person than she was when she was convicted. This is simply insufficient to warrant expungement of her conviction. Accordingly, Petitioner's motion is DENIED.

For the foregoing reasons,

IT IS ORDERED that Petitioner's motion for expungement [d/e 171] is hereby DENIED.

IT IS SO ORDERED.


DATED: July 3, 2008              **s/Anna Diggs Taylor**
                                 ANNA DIGGS TAYLOR
                                 UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 3, 2008.

Kimberly Larkins
12635 Riad
Detroit MI 48224                 s/Johnetta M. Curry-Williams
                                 Case Manager